WRIGHT, FINLAY & ZAK, LLP
Robert A. Reither, Esq.
Nevada Bar No. 1206
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
alancaster@wrightlegal.net
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
*Attorney for Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC; GLENEAGLES HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; DOES I through X and ROE CORPORATIONS I through X,<br><br>Defendants | Case No.: 2:16-cv-00741-APG-NJK<br><br>**STIPULATION AND ORDER TO DISMISS REMAINING CLAIMS WITHOUT PREJUDICE AND FOR NRCP 54(b) CERTIFICATION** |

Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank") and Defendant Gleneagles Homeowners Association ("HOA") (collectively, the "Parties" and individually, a "Party") by and through their respective attorneys of record, and hereby stipulate and agree as follows:

**WHEREAS:**

1. The instant action is primarily one for Quiet Title and Declaratory Relief related to real property commonly known as 3833 White Quail Ct., Henderson, Nevada 89032 ("Property"), which was purportedly purchased by Defendant, SFR Investments Pool 1, LLC ("SFR") at a homeowners association lien foreclosure sale on May 17, 2013 (the "HOA Sale").

2. The Property lies within the boundaries of a common-interest community governed by HOA.

3. Pursuant to U.S. Bank's Complaint filed on April 4, 2016 [ECF No. 1], U.S. Bank alleges that the HOA Sale did not serve to extinguish its security interest in the Property for various reasons or, in the alternative, the HOA Sale was void and ineffective.

4. On August 27, 2020, SFR and U.S. Bank filed competing Motions for Summary Judgment [ECF Nos. 56 and 57].

5. On October 15, 2020, the Court entered its Order (1) Denying Bank's Motion for Summary Judgment and (2) Granting SFR's Motion for Summary Judgment [ECF No. 64] ("Order").

6. U.S. Bank filed a Notice of Appeal on November 16, 2020 [ECF No. 65].

7. U.S. Bank's claims against the HOA and Nevada Association Services, Inc. ("NAS") remain pending.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that U.S. Bank's claims are hereby dismissed in their entirety **without prejudice**.

**IT IS FURTHER STIPULATED AND AGREED** by the Parties to request that the Court enter an order determining that the Order [ECF No. 64] may be certified as a final appealable Order pursuant to NRCP 54(b).

**IT IS FURTHER STIPULATED AND AGREED** as follows:

1. The period of time commencing April 4, 2016 **(the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 4 below), shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on lapse of time in any action or proceeding brought by U.S. Bank against the HOA and NAS with respect to the HOA Sale, the Property, and Complaint;

\ \ \

\ \ \

\ \ \

\ \ \

1      **2.** Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

    **3.** This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

    **4.** Upon completion of U.S. Bank's Appeal before the Ninth Circuit Court, this Stipulation with respect to U.S. Bank's claims against the HOA and NAS will terminate. The Termination Date shall be the first business day following thirty (30) days after the final order is issued by the Ninth Circuit Court of Appeals on U.S. Bank's Appeal;

    **5.** This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties; and

\ \ \

\ \ \

\ \ \

6.   Except as set forth hereinabove, the Parties reserve any and all rights, privileges, claims and defenses under applicable law.

**IT IS SO STIPULATED.**

| DATED this 3rd day of December, 2020. | DATED this 3rd day of December, 2020. |
|---|---|
| WRIGHT, FINLAY & ZAK, LLP | HALL, JAFFE & CLAYTON, LLP |
| /s/ Aaron D. Lancaster | /s/ Ashlie L. Surur |
| Aaron D Lancaster, Esq.<br>Nevada Bar No. 10115<br>7785 W. Sahara Ave., Ste. 200<br>Las Vegas, NV 89117<br>*Attorneys for Plaintiff* | Ashlie L. Surur, Esq.<br>Nevada Bar No. 11290<br>7425 Peak Drive<br>Las Vegas, NV 89128<br>*Attorneys for Defendant, Gleneagles Homeowners Association* |

**IT IS SO ORDERED.**

DATED  December 3 , 2020

_____
UNITED STATES DISTRICT COURT JUDGE